UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. GUERRA,<br><br>    Petitioner,<br><br>v.<br><br>MONTGOMERRY,<br><br>    Respondent. | Case No. 19-cv-07165-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 11 |

Petitioner, an inmate at Santa Clara County Jail, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 27, 2019, the Court ordered respondent to show cause why the writ should not be granted. Dkt. No. 4. On February 4, 2020, respondent filed a motion to dismiss the petition as unexhausted. Dkt. No. 8. Petitioner has been granted an extension of time to April 9, 2020 to file his opposition to the motion to dismiss. Dkt. No. 10. Petitioner has requested that the Court appoint counsel, arguing that counsel is necessary because he is proceeding *pro se*, because he lacks the knowledge and ability to articulate arguments, because he has been transferred to Santa Clara County Jail where he has no access to the law library, and because the issues in this case are complex. Dkt. No. 11.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Section 3006A(a)(2)(B) of the United States Code, title 18, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made

appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generall*y 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Petitioner's request for appointment of counsel is denied because the record before the Court does not indicate that justice requires the appointment of counsel. The federal habeas petition has adequately presented the legal claims, and demonstrated a good understanding of the issues. The pending motion to dismiss for failure to exhaust state remedies is straightforward and not complex. Petitioner's request for appointment of counsel is therefore DENIED without prejudice to the Court *sua sponte* appointing counsel if circumstances so require. *See, e.g., LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion in denying appointment of counsel where pleadings illustrated that petitioner had good understanding of issues and ability to present forcefully and coherently his contentions); *Bashor*, 730 F.2d at 1234 (no abuse of discretion in denying request for appointment of counsel where petitioner was over 60 years of age and had no background in law, but he thoroughly presented issues in petition and accompanying memorandum).

For the foregoing reasons, the Court DENIES petitioner's request for appointment of counsel. The Court will *sua sponte* grant petitioner an extension of time to file his opposition to the motion to dismiss for failure to exhaust state court remedies. By April 23, 2020, petitioner shall file his opposition to the respondent's motion to dismiss. Respondent shall his reply in support of his motion to dismiss within **fourteen (14) days** of the date the opposition is filed.

//

//

//

This order terminates Dkt. No. 11.

**IT IS SO ORDERED.**

Dated: March 25, 2020

HAYWOOD S. GILLIAM, JR.
United States District Judge