UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. GUERRA,<br><br>    Petitioner,<br><br>v.<br><br>MONTGOMERRY,<br><br>    Respondent. | Case No. 19-cv-07165-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS; REQUIRING ELECTION BY PETITIONER**<br><br>Re: Dkt. No. 8 |

Petitioner, an inmate at Santa Clara County Jail, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is respondent's motion to dismiss the petition. Dkt. No. 8. Petitioner has not filed an opposition,[1] and the deadline to do so has since passed. Dkt. No. 12. For the reasons set forth below, respondent's motion is GRANTED and petitioner is required to make an election.

**DISCUSSION**

**A.   Procedural History**

Petitioner was tried with co-defendant Jose Paulino Cortes. Both petitioner and Cortes were found guilty by a Santa Clara County jury of first degree murder (Cal. Penal Code § 187(a)), attempted first degree murder (Cal. Penal Code § 664(a)), and participation in a criminal street gang (Cal. Penal Code § 186.22(a)). The jury also found true the following allegations: the murder and attempted murder were committed for the benefit of a criminal street gang (Cal. Penal Code § 186.22(b)(1)(C)); petitioner and Cortes were principals in the crime during which at least one principal intentionally and personally discharged a firearm (Cal. Penal Code § 12022.53(d),

---

[1] Petitioner's opposition was originally due on March 3, 2020, but the Court granted petitioner an extension of time until April 9, 2020 to file his opposition. Dkt. Nos. 10, 12.

(e)(1)); petitioner and Cortes committed the attempted murder deliberately and with premeditation (Cal. Penal Code §§ 664, 187, 189); and Cortes personally inflicted great bodily injury during the course of the attempted murder (Cal. Penal Code § 12022.7(a)). The trial court found that Cortes had suffered four prior juvenile strike adjudications (Cal. Penal Code §§ 667(b)-(i), 1170.12). The trial court sentenced petitioner to a term of 82 years to life, and sentenced Cortes to a term of 157 years to life. *People v. Cortes*, No. H043650, 2018 WL 3238044, at *1 (Cal. Ct. App. July 2, 2018).

Petitioner appealed and the California Court of Appeal affirmed the conviction in a reasoned opinion but remanded for a discretionary sentencing determination under the newly-amended Cal. Penal Code § 12022.53.[2] On August 7, 2018, petitioner filed a petition for review with the California Supreme Court, joining in some of the arguments made in co-defendant Cortes' petition for review. Dkt. No. 8, Exs. 4, 5. Specifically, petitioner argued that he was denied his constitutional right to present a defense when the trial court excluded evidence that Jose Espino's family had approached Jose Espino's accomplice in an unrelated matter to "get their stories straight;" defense counsel was ineffective when he failed to request that the jury be instructed that Jose Espino's guilty plea could not be considered as substantive evidence of guilt and when he failed to object to the prosecutor's improper closing argument that distorted the reasonable doubt standard; and cumulative error. Dkt. No. 8, Exs. 4-5. On October 17, 2018, the California Supreme Court summarily denied the petition. Dkt. No. 8, Ex. 6. Petitioner did not seek certiorari from the United States Supreme Court or file any habeas petitions in the state courts.

Petitioner filed this petition on October 20, 2019. Dkt. No. 1. On November 27, 2019, the Court found that the petition stated the following cognizable claims for federal habeas relief: (1) the trial court erred in admitting evidence that, the day before the shooting, petitioner had confronted the Norteños and sought to fight them; (2) the trial court erred in excluding evidence

---

[2] Cal. Penal Code § 12022.53 was amended effective January 1, 2018 to provide the sentencing court with discretion to strike or dismiss firearm sentencing enhancements. *Cortes*, 2018 WL 3238044, at *16. Petitioner is still awaiting resentencing. Dkt. No. 8, Ex. 7.

1  that Jose Espino's family had approached Jose Espino's accomplice in an unrelated matter to "get
2  their stories straight," in violation of his right to present a complete defense; (3) the trial court
3  erred in failing to sua sponte instruct the jury that it could only consider Jose Espino's guilty plea
4  for a limited purpose; (4) the prosecutor committed prejudicial misconduct when he distorted the
5  reasonable doubt standard; and (5) cumulative error.  Dkt. No. 1; Dkt. No. 4 at 2

**B.  Legal Standard**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c).  The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*, 513 U.S. 364, 368 (1995), and must be given an opportunity to rule on the claims even if review is discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").  The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  The court generally may not grant relief on an unexhausted claim.  *See* 28 U.S.C. § 2254(b)(1).

**C.  Analysis**

Respondent argues that the petition should be dismissed because it is a mixed petition in that it contains unexhausted claims and an exhausted claim.  Respondent acknowledges that Claim No. 2 is exhausted, but argues that Claim Nos. 1, 3, and 4 are unexhausted and, to the extent that Claim No. 5 relies on Claim Nos. 1, 3, and 4, Claim No. 5 is also unexhausted.  In the alternative, respondent argues that the Court should dismiss the unexhausted claims and allow the petition to proceed solely on the exhausted claim.

Petitioner has not responded to the motion to dismiss. On the record before the Court, it is undisputed that petitioner has not previously presented Claim Nos. 1, 3, and 4 to the California Supreme Court. These claims were not raised in the petition for review filed by either petitioner or his co-defendant and there is no record of petitioner seeking collateral review in the state courts. Petitioner's claim that counsel was ineffective for failing to request that the jury be instructed that Jose Espino's guilty plea could not be considered as substantive evidence of guilt is distinct from his claim that the trial court erred in failing to *sua sponte* instruct the jury that it could only consider Jose Espino's guilty plea for a limited purpose. An ineffective assistance of counsel claim arises out of the Sixth Amendment right to counsel, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), whereas a claim of instructional error arises out of the Due Process Clause, *see Estelle v. McGuire*, 502 U.S. 62, 72 (1991). A claim that trial appellate counsel was ineffective for failing to raise a claim in the state courts does not fairly present the underlying claim to the state courts. *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (holding that state court claims that trial counsel and appellate counsel were ineffective in failing to challenge the admission of a confession did not fairly present to the state courts the underlying claim that the admission of the confession was a violation of petitioner's rights Fifth and Fourteenth Amendment). Accordingly, petitioner has not exhausted state remedies for Claim Nos. 1, 3, and 4. *Duncan*, 513 U.S. at 365–66. Claim No. 5 argues that the cumulative error resulting from Claim Nos. 1-4 rendered his conviction unconstitutional. Because Claim No. 2 is the only exhausted claim in this petition, Claim No. 5 is not cognizable. *See Alcala v. Woodford*, 334 F.3d 862, 893-95 (9th Cir. 2003) (cumulative error is where, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors may prejudice a defendant so much that his conviction must be overturned) (reversing conviction where multiple constitutional errors hindered defendant's efforts to challenge every important element of proof offered by prosecution).

**D.      Requiring Petitioner to Make an Election**

Petitioner's federal petition for a writ of habeas corpus contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to

4

which state remedies have not been exhausted, such as a mixed petition. *See Rose*, 455 U.S. at 522; *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and quite possibly cause a later-filed petition to be time-barred) without giving petitioner the opportunity to choose how to proceed. Accordingly, instead of an outright dismissal of the action, this Court will allow petitioner to choose whether he wants to: (1) dismiss the unexhausted Claim Nos. 1, 3, and 4 and non-cognizable Claim No. 5, and go forward in this action with only the exhausted Claim No. 2, or (2) dismiss this action and return to state court to exhaust Claim Nos. 1, 3, and 4 before filing a new federal petition presenting all of his claims, or (3) file a motion for a stay of these proceedings while he exhausts Claim Nos. 1, 3, and 4 in the California Supreme Court. Petitioner is cautioned that each of the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court. In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[3] The Supreme Court cautioned district courts against being

---

[3] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but the procedure often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the

too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty (30) days to get to state court, as long as necessary in state court, and thirty (30) days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071. If petitioner files a motion for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.      Respondent's motion to dismiss is GRANTED. Dkt. No. 8.

2.      Within **twenty-eight (28) days** from the date of this order, petitioner must file a notice in which he states whether he chooses to (1) dismiss the unexhausted Claim Nos. 1, 2, and 4 and dismiss the non-cognizable Claim No. 5, and go forward in this action with only Claim No. 2, or (2) dismiss this action and return to state court to exhaust Claim Nos. 1, 2, and 4 before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files

---

amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Granting Motion to Dismiss; Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), within thirty (30) days from the date of this order, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted Claim Nos. 1, 2, and 4, dismiss the non-cognizable Claim No. 5, and issue a separate order requiring respondent to show cause why relief should not be granted on the remaining Claim No. 2.

This order terminates Dkt. No. 8.

**IT IS SO ORDERED.**

Dated: 4/30/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge