UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. GUERRA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MONTGOMERRY,<br><br>　　　　Respondent. | Case No. 19-cv-07165-HSG<br><br>**AMENDED ORDER TO SHOW CAUSE; GRANTING STAY; STAYING AND ADMINISTRATIVELY CLOSING ACTION**<br><br>Re: Dkt. No. 15 |

Petitioner, an inmate at Santa Clara County Jail, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is petitioner's request to stay this action. Dkt. No. 15. Respondent has filed an opposition. Dkt. No 16. Petitioner has not filed a reply and the deadline to do so has since passed. The Court has reviewed in detail the pleadings in this action and, for the reasons set forth below, issues an amended order to show cause and GRANTS petitioner's request to stay this action.

**PROCEDURAL HISTORY**

On November 27, 2019, the Court found that the petition stated the following cognizable claims: (1) the trial court erred in admitting evidence that, the day before the shooting, petitioner had confronted the Norteños and sought to fight them; (2) the trial court erred in excluding evidence that Jose Espino's family had approached Jose Espino's accomplice in an unrelated matter to "get their stories straight," in violation of petitioner's right to present a complete defense; (3) the trial court erred in failing to *sua sponte* instruct the jury that it could only consider Jose Espino's guilty plea for a limited purpose; (4) the prosecutor committed prejudicial misconduct when he distorted the reasonable doubt standard; and (5) cumulative error. Dkt. No. 4. The Court ordered respondent to show cause as to why the petition should not be granted. *See id*.

On April 30, 2020, the Court granted respondent's motion to dismiss Claim Nos. 1, 3, and 4 as unexhausted and Claim No. 5 as non-cognizable. Dkt. No. 13.[1] The Court required petitioner to elect whether he wished to: (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausted his state court remedies for the unexhausted claims. *Id.*

## DISCUSSION

### I.   Amended Order to Show Cause

In considering petitioner's request to stay this action, the Court has reviewed the pleadings and finds that the operative petition (Dkt. No. 1) states two additional claims that were not identified in the order to show cause (Dkt. No. 4), specifically two ineffective assistance of counsel claims, numbered as Claim Nos. 6 and 7 below. Accordingly, the Court amends the order to show cause as follows.

---

[1] The motion to dismiss was filed on February 4, 2020. Dkt. No. 8. Petitioner's opposition was originally due on March 3, 2020, but the Court granted petitioner an extension of time until April 9, 2020 to file his opposition. Dkt. Nos. 10, 12. On April 30, 2020, the Court issued its order granting the motion to dismiss. Dkt. No. 13. On May 5, 2020, the undersigned received petitioner's late-filed opposition to the motion to dismiss. Dkt. No. 14. Although the opposition was received by the Court on April 27, 2020, it was not docketed and made available to the undersigned until May 5, 2020 due to COVID-19's impact on court operations. The Court has carefully considered petitioner's opposition and concludes that the opposition does not compel reconsideration of its order granting the motion to dismiss. The two arguments presented in the opposition were addressed and rejected in the Court's order granting the motion to dismiss. Petitioner's first argument is that he raised Claim Nos. 3 and 4 in his petition for review when he argued that defense counsel was ineffective for failing to request a jury instruction limiting the use of Espino's guilty plea and for failing to object to the alleged prosecutorial misconduct. Dkt. No. 14 at 2. The Court rejected this argument because an ineffective assistance of counsel claim arises from a different constitutional provision, and is therefore distinct from, an instructional error claim or prosecutorial misconduct claim. Dkt. No. 13 at 4. A claim is not fairly presented for the purposes of exhaustion if it arises under a different federal constitutional provision than the claim presented in the state courts. *Cf. Picard v. Connor*, 404 U.S. 270, 276-77 (1971) (petitioner's claim that his indictment was invalid because state law failed to apply the Fifth Amendment grand jury requirement did not present, or exhaust, his equal protection claim); *see also Brown v. Cuyler*, 669 F.2d 155, 159-60 (3d Cir. 1982). Petitioner's second argument is that he raised these claims on direct appeal. Dkt. No. 14 at 2. As explained in the Court's order granting the motion to dismiss, exhaustion requires petitioners to present their claims to the state's highest court. *See* 28 U.S.C. § 2254(b), (c); *Duncan v. Henry*, 513 U.S. 364, 368 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). Dkt. No. 13 at 3.

1    The Court finds that, liberally construed, the petition alleges the following grounds for
2    federal habeas relief that merit an answer from respondent: (1) the trial court erred in admitting
3    evidence that the day before the shooting petitioner had confronted the Norteños and sought to
4    fight them; (2) the trial court erred in excluding evidence that Jose Espino's family had
5    approached Jose Espino's accomplice in an unrelated matter to "get their stories straight," in
6    violation of petitioner's right to present a complete defense; (3) the trial court erred in failing to
7    *sua sponte* instruct the jury that it could only consider Jose Espino's guilty plea for a limited
8    purpose; (4) the prosecutor committed prejudicial misconduct when he distorted the reasonable
9    doubt standard; (5) cumulative error; **(6) trial counsel was ineffective for failing to request the**
10   **limiting instruction discussed in Claim No. 3; and (7) trial counsel was ineffective for failing**
11   **to object to the prosecutorial misconduct identified in Claim No. 4.**

12   Claim Nos. 6 and 7 are exhausted. In petitioner's petition for review filed with the
13   California Supreme Court on August 7, 2018, petitioner argued *inter alia* that trial counsel was
14   ineffective for failing to request an instruction that Jose Espino's guilty plea could not be
15   considered as substantive evidence of guilt and for failing to object to the prosecutor's argument
16   which distorted the reasonable doubt standard. Dkt. No. 8-1 at 252-255. Because Claim Nos. 6
17   and 7 are exhausted, Claim No. 5, which alleges cumulative error, is cognizable. The Court
18   therefore vacates the portion of its April 30, 2020 Order finding Claim No. 5 non-cognizable.

19   This petition remains a mixed petition. Claim Nos. 2, 5, 6, and 7 are exhausted, but Claim
20   Nos. 1, 3 and 4 are unexhausted.

21   **II.    Request for Stay**

22   Petitioner has filed a motion with the Court requesting that the Court stay these
23   proceedings so that he may exhaust his state court remedies for his unexhausted claims. Dkt. No.
24   15. He states that the failure to exhaust Claim Nos. 1, 3 and 4 was because he believed it was in
25   his best interest to rely on appointed counsel since he was unfamiliar with the law. Operating
26   under that belief, he wrongly assumed that counsel had raised Claim Nos. 1, 3, and 4 in the
27   petition for review to the California Supreme Court, because these claims had been raised on
28   direct appeal. Petitioner does not specify whether he seeks a *Rhines* stay or a *Kelly/Small* stay.

3

Respondent has filed an opposition, arguing that petitioner has not met the standard for showing good cause because neither lack of legal knowledge or lack of knowledge regarding the content of counsel's filings constitute good cause, and because petitioner has only made bald assertions of good cause without providing details. Dkt. No. 16.

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. A *Rhines* stay is available for mixed petitions, i.e. petitions containing exhausted and unexhausted claims, whereas the *King*/*Kelly* stay applies to fully exhausted petitions and requires a petitioner to take additional steps when the petitioner returns to federal court. *See Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005).

A *Rhines* stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Rhines*, 544 U.S. at 277-78. *Rhines* did not set forth criteria for determining what constitutes good cause for failure to exhaust. "Good cause" does not equate with "extraordinary circumstances," as the latter is a more difficult showing to make. *See Jackson*, 425 F.3d at 661-62. However, the Court must interpret whether a petitioner has shown good cause for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in limited circumstances. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). The Court must also be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court. *Id.* (citing to *Rhines*, 544 U.S. at 276-77). The *Rhines* good cause standard based on ineffective assistance of counsel is not any more demanding than the cause standard articulated in *Martinez v. Ryan*, 566 U.S. 1 (2012), to excuse state procedural default. *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir. 2014). An assertion of good cause turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify the failure to exhaust. *Baker*, 745 F.3d at 982 (reversing denial of stay when petitioner supported his good cause argument with evidence including a neuropsychological and psychological evaluation and many declarations); *Wooten*, 540 F.3d at 1024 (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised

4

1    claims to the California Supreme Court on direct appeal did not establish good cause under *Rhines*
2    for failure to exhaust claims earlier).

3        A petitioner seeking to stay an action pursuant to *King*/*Kelly* is not required to show good
4    cause as under *Rhines*, but rather must eventually show that the amendment of any newly
5    exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by
6    sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by
7    complying with the statute of limitations. *King*, 564 F.3d at 1141-43. To obtain a *King*/*Kelly* stay
8    for a mixed petition, a petitioner must follow the procedure outlined in *Kelly v. Small*, 315 F.3d
9    1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir.
10   2007): "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays
11   and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the
12   opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later
13   amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v.*
14   *Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).

15       Petitioner has not satisfied the "good cause" standard for a *Rhines* stay. Generally
16   speaking, a *pro se* petitioner's lack of legal sophistication or lack of legal knowledge does not, by
17   itself, constitute good cause. *Cf. Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*pro se*
18   petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting
19   equitable tolling). In addition, according to the record, it appears that petitioner had sufficient
20   time to exhaust him claims after learning of appellate counsel's omissions. Petitioner states that
21   he realized that appellate counsel had not presented Claim Nos. 1, 3 and 4 to the California
22   Supreme Court when he received a copy of the petition for review. Petitioner does not specify
23   when he received a copy of the petition for review but the petition for review was filed on August
24   7, 2018 and denied on October 17, 2018, and the instant petition was not filed until October 30,
25   2019. If petitioner received a copy of the petition for review soon after it was filed, he had more
26   than a year to exhaust Claim Nos. 1, 3 and 4 in the state courts.

27       While petitioner is not entitled to a *Rhines* stay, the Court will GRANT petitioner a stay
28   pursuant to *King*/*Kelly*. A *King*/*Kelly* stay is less demanding than a *Rhines* stay. The only

1    applicable requirement for a *King*/*Kelly* stay is that the petition sought to be stayed has no
2    unexhausted claims. The current petition is a mixed petition. Accordingly, the Court DISMISSES
3    without prejudice Claim Nos. 1, 3 and 4 as unexhausted, which leaves the petition with only the
4    exhausted Claim Nos. 2, 5, 6 and 7; and GRANTS petitioner a stay pursuant to *King*/*Kelly*.
5    Petitioner is cautioned that he must exhaust his unexhausted claims (Claim Nos. 1, 3 and 4) in the
6    California Supreme Court. *See McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988) (petitioner
7    must present to highest state court all claims he wishes to raise in a federal habeas petition).

8    With the dismissal of Claim Nos. 1, 3 and 4, the operative petition now only contains the following four cognizable claims: the trial court erred in excluding evidence that Jose Espino's family had approached Jose Espino's accomplice in an unrelated matter to "get their stories straight," in violation of petitioner's right to present a complete defense; cumulative error; trial counsel was ineffective for failing to request the limiting instruction discussed in Claim No. 3; and trial counsel was ineffective for failing to object to the prosecutorial misconduct identified in Claim No. 4. The Court makes no determination at this point as to whether petitioner can show that Claim Nos. 1, 3 and 4 satisfy the remaining *King*/*Kelly* requirements, i.e. that Claim Nos. 1, 3 and 4 all share a common core of operative facts with the exhausted claims and that these claims comply with the statute of limitations.

### III. Returning to Federal Court

Petitioner must promptly return to federal court after his state court proceedings have concluded. *See Kelly*, 315 F.3d at 1071 (reasonable time limits would be thirty days to get to state court, as long as reasonably necessary in state court, and thirty days to get back to federal court after the final rejection of the claims by the state court). Within **thirty (30) days** from the date the California Supreme Court completes its review of petitioner's claims, petitioner must so inform the Court if he wishes to seek further relief in this Court. If petitioner wishes to seek further relief in this Court with respect to Claim Nos. 1, 3 and 4, he must amend his petition to add back in the newly exhausted claims, and must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the

statute of limitations.

## CONCLUSION

1. The Court DISMISSES without prejudice Claim Nos. 1, 3 and 4 as unexhausted, and GRANTS petitioner a stay pursuant to *King*/*Kelly*. Dkt. No. 15.

2. This action is hereby STAYED while petitioner exhausts his unexhausted claims in the state courts.

3. If petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted. To do so, petitioner must notify the Court within **thirty (30) days** from the date the California Supreme Court completes its review of petitioner's claims. The notice must clearly identify in the caption that it is to be filed in Case No. C 19-7165 HSG (PR). Upon petitioner's filing of the notification that his claims have been exhausted, the stay will be lifted, the case will be reopened, and the Court will schedule further proceedings.

4. If petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

5. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure.

This order terminates Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: 9/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge