UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. GUERRA,<br>          Petitioner,<br>v.<br>MONTGOMERRY,<br>          Respondent. | Case No. 19-cv-07165-HSG<br><br>**ORDER REQUIRING STATUS REPORT** |

On October 30, 2019, Petitioner filed the above-titled *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court. Dkt. No. 1.

On November 27, 2019, the Court found that the petition stated the following cognizable claims for federal habeas relief:  (1) the trial court erred in admitting evidence that, the day before the shooting, petitioner had confronted the Norteños and sought to fight them; (2) the trial court erred in excluding evidence that Jose Espino's family had approached Jose Espino's accomplice in an unrelated matter to "get their stories straight," in violation of his right to present a complete defense; (3) the trial court erred in failing to sua sponte instruct the jury that it could only consider Jose Espino's guilty plea for a limited purpose; (4) the prosecutor committed prejudicial misconduct when he distorted the reasonable doubt standard; and (5) cumulative error. Dkt. No. 1; Dkt. No. 4 at 2.

On April 30, 2020, the Court granted Respondent's motion to dismiss Claims No. 1, 3, and 4 for failure to exhaust state court remedies, and also finding that because Claim No. 5 relied on Claim Nos. 1, 3, and 4, it was not cognizable. Dkt. No. 13. The Court required Petitioner to elect whether he wished to dismiss the unexhausted and non-cognizable claims and proceed on his sole

exhausted claim (Claim No. 2), or whether he would dismiss the entire action and return to federal court with a new petition after having exhausted his state court remedies, or whether he would move for a stay of these proceedings while he exhausted his state court remedies for the unexhausted claims. Dkt. No. 13 at 7.

On September 28, 2020, the Court granted Petitioner's request to stay and abey this action so that he could exhaust state court remedies for his unexhausted claims. Dkt. No. 17.

This action has been stayed for a year. Petitioner is ordered to file a status update with this Court reporting the status of the state court proceedings by **October 28, 2021**.

**IT IS SO ORDERED.**

Dated: 8/9/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

2